Jones vs. Word, trustee.

Let the judgment of the court below be affirmed with directions as herein indicated.

---

## JONES vs. WORD, trustee.

1. There being no issuable defense filed on oath, a judgment conforming in all respects to the rule of court except that the judge did not himself sign it, but it was signed "by the court, B. Hill, plaintiff's attorney," and entered in full upon the minutes of the court, and those minutes signed by the judge, is a good valid judgment, though rendered after the adoption of the rule of court.
2. Such a judgment rendered after a voluntary conveyance is made, is in no sense a cloud upon the title of a complainant holding under said conveyance, so as to give equity jurisdiction and authorize an injunction, even if it were valid, the remedy by claim being complete.
3. Where the chancellor believes from the sworn testimony before him, that the voluntary conveyance was made when the defendant in *fi. fa.* was insolvent, and that the judgment attacked was good and valid, the injunction should not be granted to stay the execution, merely because court is soon to meet, and the case can then be tried on its merits, and no great harm in his judgment can be done to plaintiff in *fi. fa.*

Practice in the Superior Court. Judgments. Equity. Injunction. Before Judge GRICE. Bibb County. At Chambers. August 19, 1878.

Reported in the opinion.

HILL & HARRIS; JACKSON & LUMPKIN, for plaintiff in error, cited as follows: Judgment valid, 1 *Kelly*, 367; 42 *Ga.*, 238; 45 *Ib.*, 117; 53 *Ib.*, 143; Rule 38, Code, p. 949; Code, §208; *Groover, Stubbs & Co. vs. Inman*, (January Term, 1878); 1 Bailey, 7; 1 Hempst., 286; Walker's Am. Law, 641; 57 *Ga.*, 79; Code, §§5091, 3962; 59 *Ga.*, 230; *Pollard vs. King*, (this term); 42 *Ga.*, 238; Cobb's Dig.,

Jones *vs.* Word, trustee.

p. 468; judgment act of 1799; Code, §§3593, 3596; 49 *Ga.*, 50. If judgment irregular, no equitable ground, 53 *Ga.*, 387; 21 *Ga.*, 147; High on Inj., §§129, 131; 57 *Ga.*, 79; 52 *Ib.*, 350. Judgment no cloud on title, Code, §§1952, 2662; 30 *Ga.*, 490; 53 *Ib.*, 339; 57 *Ib.*, 235; 56 *Ib.*, 369; Bump on Fraud. Conv., 284–6, 291–5; 59 *Ga.*, 256; 20 *Ib.*, 210. No equity in bill, Code, §§3210, 3218; 59 *Ga.*, 790; 58 *Ib.*, 14; 57 *Ib.*, 523; 32 *Ib.*, 671; 25 *Ib.*, 102; 20 *Ib.*, 345; 19 *Ib.*, 134; 56 *Ib.*, 663; 51 *Ib.*, 602; 55 *Ib.*, 335; 48 *Ib.*, 474: 46 *Ib.*. 396; 56 *Ib.*, 534.

E. F. BEST; LANIER & ANDERSON, for defendant, cited as follows : On the judgment, constitution 1868, art. III, sec. 3; 46 *Ga.*, 308; 55 *Ib.*, 478; 58 *Ib.*, 377; 52 N. H. 191; 54 *Ga.*, 486; 1 *Kelly*, 559, 300; 3 Sandf., 721; 1 La. An., 206; 17 *Ib.*, 485; 10 Minn., 306; 3 Wis., 327; 42 *Ga.*, 238; Code, §204; 59 *Ga.*, 607; Rule 38. Minutes not give validity, Bouv. L. Dic., (Minutes); 1 Ohio, 268; 1 *Kelly*, 559; 4 *Ga.*, 157; 3 *Ga.*, 23; 4 *Ib.*, 157. Cloud on title, 11 *Ga.*, 459; 17 *Ib.*, 217.

JACKSON, Justice.

This was an application for an injunction which was granted. The defendant excepted and the case is before us.

The bill makes a case of this sort. The complainant brings it as trustee for Mrs. McAlpin and her children; they hold under a voluntary conveyance from McAlpin, made in 1868; they were about to move to California, and had got leave to sell the land so given them by McAlpin, when Jones levied upon it by virtue of a judgment against McAlpin, obtained in 1871, on a debt long antecedent to the voluntary conveyance, and this judgment is attacked because, being one made by the court, no issuable defense having been made on oath, the judge did not sign it, but it was signed as follows : " By the court, B. Hill, plaintiff's attorney." It turned out in proof, that this judgment was put

on the minutes and the minutes signed. The question of solvency or insolvency of the defendant in *fi. fa.*, McAlpin, was also in issue, and there was evidence on both sides, but that against his solvency predominated; and the chancellor said that he so thought, and also thought the judgment good, but granted the injunction because it could in his judgment do little or no hurt, as the court was soon to meet, and the case would be tried on its merits.

On these facts we think that the chancellor erred in granting the injunction for three reasons:

1. First, because the judgment was valid. The minutes were signed and the judgment was on the minutes, and the judge approved it and signed it when he signed the minutes.

2. The voluntary deed was older than the judgment, and such a judgment was no cloud upon the title, and we can see no equity in the bill—the remedy being just as good by claim.

3. The chancellor certifies that he believed from the evidence before him that the defendant in *fi. fa.* was insolvent when he made the voluntary conveyance to his family, and that he granted the injunction because the court was to meet so soon and no great harm could be done. In this we think he did not exercise that legal discretion with which the law invests him, but granted the summary and rather harsh remedy of injunction without sufficient reason in law.

We must therefore reverse the judgment and direct that the execution proceed.

Judgment reversed.