## THARPE *vs.* CRUMPLER.

63 273
92 305

[Warner, Chief Justice, being engaged in presiding over the senate organized as a court of impeachment, did not sit in this case.]

A judgment which the court was competent to render without the verdict of a jury, will be upheld if found entered on the minutes in the day's proceedings, the minutes of the day being regularly signed by the judge, though the judgment itself bear only the signature of counsel. Such a judgment is irregular, not void, and can be amended.

Judgments. Practice in the Superior Court. Minutes. Before Judge PATE. Dooly Superior Court. March Term, 1879.

Report unnecessary.

JOHN B. HOLMES; B. M. DAVIS, for plaintiff in error.

WOOTEN & SENTELL; HAWKINS & HAWKINS; GUERRY & SON; H. K. McCAY, for defendant.

BLECKLEY, Justice.

Several points are in the record, but only one was argued and insisted upon. The judgment was one which, under the constitution, the court was competent to render without the aid of a jury. It was regularly entered on the minutes as a part of the proceedings of the day; and after the day's proceedings as a whole, the minutes were duly signed by the presiding judge. Certainly the 38th rule of court contemplates that he shall sign each judgment separately, but the omission is a mere irregularity, and is curable by amendment. If the actual rendition of the judgment is duly vouched by the minutes, and the only defect is want of signature, the judgment is not void, and the signature may be supplied *nunc pro tunc*. 62 *Ga.*, 103. Though signing by counsel was no substitute for signing by the judge, yet it did not vitiate. If not efficacious, it was harmless. 61 *Ga.*, 26. And compare 57 *Ib.*, 79 ; 59 *Ib.*, 506, 607; 60 *Ib.*, 406.

Judgment reversed.