## GRATTAN v. MATTESON.

1. **Judgment:** BY CONFESSION: DEFECTIVE JURAT. Where a notary by mistake omitted to sign his full name below the jurat to a confession of judgment taken before him, the surname being omitted, but his seal, containing the full name, was attached, and the confession was in all respects legally made, and was duly approved by the court and judgment entered thereon, it was held that such judgment would not be held invalid on account of the defective jurat, when assailed in a collateral action.

2. ——: ——: CIRCUIT COURT. Section 3397 of the Revision, authorizing the clerk of the District Court to enter judgment by confession, did not confer judicial powers on the clerk. After the enactment of section 2, of chapter 9, laws of 1872, conferring upon the Circuit Court concurrent jurisdiction with the District Court in civil actions and special proceedings, said section of the Revision became applicable to the Circuit Court, and an entry of judgment by confession made thereafter by the clerk in such court was legal.

*Appeal from Winneshiek Circuit Court.*

WEDNESDAY, JUNE 23.

ON the 10th day of May, 1873, there was filed in the office of the clerk of the Winneshiek Circuit Court a written confession of judgment in favor of the defendant herein, signed by John Lawrence and Alexander Lawrence, by which they

authorized the clerk of said court to enter a judgment against them for the sum of $700.   The confession was for a debt justly due the defendant, S. W. Matteson, and was in due form except that William Toppe, the notary public before whom it was ·sworn to, signed his name to the jurat as William, omitting to add his surname.   The said confession was in fact duly verified as by law required, and the notary public affixed his seal on which was inscribed his full name. The clerk of said Circuit Court entered a judgment upon said confession, and the same was duly indexed.   Afterward, on the 4th day of September, 1873, said judgment was duly approved and confirmed by the said court at a regular term thereof, and in open court, and was duly recorded in the proper record.

On the 18th day of October, 1876, C. H. McCormick & Bro. recovered a judgment against the said John Lawrence in the Winneshiek District Court for $367, upon ·a debt which was contracted in the years 1869 and 1870, and prior to the entry of defendant's judgment.   An execution was issued upon this judgment, and certain real estate was sold thereon to the judgment plaintiffs.   A sheriff's deed was made to them therefor.   On June 17, 1878, C. H. McCormick & Bro. conveyed said real estate to O. T. Grattan, plaintiff herein.   The said John Lawrence was on the 10th of May, 1873, the owner in fee of said land.

The plaintiff claims that the judgment by confession is void, and is not a lien upon said land, and he prays for a decree accordingly.

The defendant insists that said judgment is a valid and subsisting lien upon said real estate, prior and superior to the title held by the plaintiff.   The court below entered a décree in favor of the plaintiff, holding the judgment by confession to be void.   Defendant appeals.

*L. O. Hatch* and *Brown & Wellington*, for appellant.

· *Willett & Willett*, for appellee.

Grattan v. Matteson.

ROTHROCK, J.—I. It is claimed that the judgment is void because the notary public did not sign his full name to the jurat. This objection seems to us not to be well taken. When taken in connection with the seal, with the inscription on it which the law prescribes, and the fact that the instrument is in all other respects in due form of law, and the further fact that the affidavit was actually sworn to, we think the omission to write the full name ought not to affect the judgment. It is unlike the case of an entire omission to affix the seal, because by the omission of the seal the authentication required by law is wanting. If we were to hold that the omission of part of the name of the notary vitiates the judgment, the next question would be how much of the name must be omitted to render the judgment void. In this case if the closing letter of the surname of the notary had been omitted, it would not be claimed that such omission was material. We think so long as the signature is correct so far as it is written, and where the full name appears upon the impression made by the seal, that the authentication is sufficient unless the omission in the name be such as to tend to mislead those searching the records for liens. In the absence of a showing of prejudice the law should regard substance rather than form.

*1. JUDGMENT: by confession: defective jurat.*

II. It is further claimed that the judgment is void because the clerk of the Circuit Court had no power or authority to enter a judgment by confession. Of course it must be understood that the court examined and approved the record entry which had been made by the clerk, and that the plaintiff by this suit attacks the judgment collaterally.

*2. ——: ——: circuit court.*

Section 3397 of the Revision of 1860 provided that "a judgment by confession without action may be entered by the clerk of the District Court or by a justice of the peace if within his jurisdiction, in the manner hereinafter prescribed."

It is a mistake to suppose that this statute gives judicial powers to the clerk of the District Court. Though the judg-

ment " be entered by the clerk, it is not to be treated as a judgment rendered by him, but by the court, and is subject to revision in this court in the same manner as any other judgment of the District Court." *Edgar v. Greer*, 7 Iowa, 136.

The Circuit Court was organized in 1868 by chapter 86 of the laws of the Twelfth General Assembly.  By section four of the act it was given jurisdiction concurrent with the District Court in all civil actions at law, and in certain equitable actions and special proceedings.  It being the organization of a new system affecting the jurisdiction to some extent of all the other courts in the State, many of its powers were necessarily not specifically prescribed, and all the statutes governing proceedings in the District Court where the District Court was specially named were not formally amended so as to include both courts.  In 1872 the jurisdiction of the Circuit Court was more clearly defined by providing that it should " have and exercise concurrent jurisdiction with the District Court in all civil actions and special proceedings." Section 2, page 24, Acts of 1872.

The Circuit Court after the taking effect of this act was invested with all the jurisdiction of the District Court in civil actions and special proceedings.  It is unnecessary to determine to which class proceedings for the confession of judgments belong, for the Circuit Court had jurisdiction in both.  Having jurisdiction of the subject-matter, and the statutes conferring such jurisdiction having been enacted after § 3397 of the Revision of 1860, the latter section must be construed so as to make it applicable to the jurisdiction conferred upon the Circuit Court.  Indeed, we think the statute creating the Circuit Court contemplated that wherever jurisdiction was given to the new court, all statutes which had theretofore named the District Court as possessing such power and jurisdiction should be construed as applying to both courts.  In section 9, of the Act of 1868, it was provided that all statutes then in force respecting the jurisdiction, process and practice of the District Court, the pleading

and mode of trial in actions of law, or in equity, etc., should be applicable to the Circuit Court. · In 'our opinion the petition should have been dismissed, and there should have been a judgment for the defendant for costs.

REVERSED.