REEVES *vs.* GRAFFLING, treasurer.

1. The law does not require an attorney acting as judge *pro hac vice* to be sworn as such.
2. A justice court summons which omitted to state the county was amendable.
3. Under a plea to a suit on a guano note that the guano had not been inspected or branded, it was not necessary to show such fact beyond a reasonable doubt. The rule of preponderance in civil, not in criminal, cases applied.

Practice in Superior Court. Judge *pro hac vice.* Justice Courts. Amendment. Charge of Court. *Onus probandi.* Before W. C. WINSLOW, Esq., Judge *pro hac vice.* Crawford Superior Court. March Term, 1881.

The plaintiff brought suit in the justice's court, 494th district, Georgia militia, of Crawford county, upon a note for $65.00 for guano, which contained the following stipulations: "The consideration of this note is for commercial manure known as cotton compound, sold to me by said payee. He expressly refuses to make any warranty of the same or any representation as to its quality or value, leaving me to rely upon the fact only that the same has been inspected under the laws of the state of Georgia."

There was an appeal to the superior court.

Judge Simmons, the presiding judge, being disqualified by reason of relationship, W. C. Winslow, Esq., was agreed upon by counsel as judge *pro hac vice.* He was not sworn. Counsel for defendant moved to dismiss the case, because there was no legal process or summons, the summons stating no county or district, but being headed, "Georgia, county county." The court overruled the motion, and allowed the plaintiff to amend the summons by making it read, "Georgia, Crawford county, 494th district;" to which defendant excepted.

The defendant then filed his pleas, first, of general issue; second, illegal consideration, that the guano was not inspected, branded, etc ; third, failure of consideration.

The plaintiff demurred to the plea of failure of consideration, and moved to strike the same. The court sustained the motion, and struck the plea, and defendant excepted.

The plaintiff introduced the note already set forth and closed.

The defendant proved by several witnesses that the guano was not inspected, branded or tagged, and had no analysis. Plaintiff, in rebuttal, proved by Richardson Montfort that it was tagged, branded, etc., and by Howell Adams that he used a fertilizer said to be "Cotton Compound," and that there were tags on it, that he could not read.

The jury, under charge of the court, found a verdict for plaintiff. The defendant made a motion for a new trial, on the following grounds:

(1) and (2.) Because the verdict was contrary to the law and evidence.

(3.) Because the judge *pro hac vice* was not sworn.

(4.) Because the court erred in overruling defendant's motion to dismiss the case for defects in the summons, and in allowing the plaintiff to amend the same.

(5.) Because the court erred in charging the jury that the presumption of the law is that the manufacturer and

dealer have had the fertilizer inspected, branded, etc., and the burden of proof is on the defendant to show beyond a reasonable doubt that this was not done.

The court overruled the motion for a new trial, and defendant excepted.

SMITH & STROUD, for plaintiff in error.

W. S. WALLACE, for defendant.

JACKSON, Chief Justice.

This was an appeal from the justice's court, and tried before a judge *pro hac vice* in the superior court.

1. There was no need of that judge being sworn. The law does not require it, probably because the oath taken by all attorneys at law when admitted to practice was deemed by the legislature sufficient to bind their conscience in the discharge of all duties devolved by law on those officers of court. No objection was made on this ground until after verdict, which strengthens the point against plaintiff in error, but it is enough to sustain the ruling below to say that the statute does not require a special oath.

2. The summons which the justice issued was properly amended. The defendant appeared under it, it answered the object of bringing him to court, and the summons itself merely omitted the name of the county, being written "county county," instead of "Crawford county." It was a mere irregularity, and did not hurt the defendant.

3. The charge requiring proof that the fertilizer was not inspected, branded, etc., beyond a reasonable doubt, was error. Such is the rule in all criminal cases, but it does not extend to civil cases; Code, §3749, makes the distinction between the two, and requires stronger evidence in criminal than in civil cases, and the reference to decisions of this court cited under that section of the Code will show the uniformity of the requirement in criminal cases of evidence beyond a reasonable doubt.

It is true that in equity cases and in libel or slander for perjury or false swearing, two witnesses, or one and strong corroborating circumstances, are necessary to overcome a sworn answer when discovery is prayed or not waived, and to prove perjury or false swearing; for the reason that there is but oath to oath, if one witness only is relied upon; therefore it takes another witness or corroboration to overcome the party whose oath is attacked. But all other civil cases stand on mere preponderance of testimony.

Judgment reversed.