Norrie & Johnson vs. McCullough; Mallory vs. The Macon and Brunswick Railroad; Whitlock vs. The Macon and Brunswick Railroad.

The clerk of the superior court or his deputy cannot adjourn an adjourned term of the court from day to day for two days, in the absence of the judge, where such absence has not been caused by unavoidable accident.

(a.) This case is unlike those in 50 *Ga.*, 481, and 61 *Id.*, 182.

March 17, 1885

Practice in Superior Court. Courts. Before Judge Mershon. Glynn Superior Court. May Term, 1884.

Certain motions for new trial were made, and objection was urged to them, on the ground that the court was not legally in session, but had been adjourned by operation of law when they were made. The facts on which this objection was predicated were as follows : At the May term, 1884, on July 19, the judge adjourned the court until Saturday, July 26. On that day, he did not appear, and the clerk adjourned court until Monday, and on Monday again adjourned it until Tuesday. On that day, the judge appeared and adjourned court until August 4. He was not detained by providential cause nor by unavoidable

accident, but was in Savannah, and the clerk had no order from him to adjourn court. The motions were not made until after this action by the clerk.

The court overruled the objection and heard the motions. Two of them were overruled and the third granted. Movants excepted to the overruling of the two motions, and respondents to the grant of the third, and to the refusal to dismiss the motions, on the ground that they were not made during the term.

HARRIS & SMITH; HILL & HARRIS; G. B. MABRY, for plaintiffs in error.

GOODYEAR & KAY, for defendants.

JACKSON, Chief Justice.

The question made in these three cases, on two cross-bills of exception in two of the cases where new trials had been refused, and on an original bill of exceptions where the new trial had been granted is, whether the clerk or his deputy can adjourn an adjourned term of the court in the absence of the judge, where his absence has not been caused by unavoidable accident, from day to day, for two days under section 3242 of the Code. The section is codified from the act of 1799, Cobb's Dig., p. 459, which section is as follows: "In case of unavoidable accidents, whereby the superior court in any county shall not be held at the time appointed for holding the same, the clerk of such court shall adjourn the same from day to day, not exceeding two days; and unless the presiding judge shall order to the contrary, within the two days aforesaid, the clerk shall adjourn said court to the next term." The statute is very plain. It is only when an unavoidable accident prevents the court from being held that the clerk has the authority of law to adjourn the court for two days without an order from the judge, and as the record shows that no accident of the sort prevented this court from being held at the time appointed by the last order of ad-

iournment by the presiding judge, the clerk's adjournment orders were null and void, and the motions for new trials in the several cases were made, not in term, but in vacation, and with no order of consent or otherwise to make the motions in vacation. The motions were made and decided *coram non judice*, so far as respects a sitting in term, and equally *coram non judice*, so far as a sitting in vacation is relied upon, no order having been taken in term allowing the motion to be made in vacation. So that in either view, there was no court sitting empowered to allow a motion for a new trial to be made and to pass upon it.

Neither the judgment in the 50th *Ga.*, 481, nor that in the 61st, 182, is made in a case at all similar to this in the facts disclosed by those records and by the record here. There is no analogy at all between either of them and this case, and we are not cognizant of any opinion or intimation of this court, which has construed this statute otherwise than we now do, and which its plain language demands that we do.

So that the judgment is reversed in the three bills of exceptions, on the ground that the court was not legally in session in term, so as to authorize it to allow or consider a motion for a new trial, nor was the judge sitting at chambers by virtue of any order in a previous term so as to authorize him to allow or entertain such a motion.

Judgment reversed.