## McFARLAND *v.* FRICKS.

*Lumpkin, J.*—Where a transcript of the record of a decree purporting to have been rendered by a court of record of another State has been duly certified under the act of Congress, embodied in section 3830 of the Code, this is sufficient evidence of the validity of such decree, although it does not appear to have been signed by the chancellor. Nor, in such case, is it at all essential to show that he signed the minutes of the court by which such decree was rendered.      *Judgment affirmed.*

May 19, 1896. Argued at the last term.

Action on judgment. Before Judge Turnbull. Walker superior court. February term, 1895.

The petition alleged an indebtedness upon a judgment obtained in the chancery court of Hamilton county, Tennessee. When the transcript of the proceeding in which the judgment was rendered was offered in evidence, it was objected to on the ground that it failed to show that the chancellor had signed the judgment or the minutes of the court. The transcript was certified in accordance with the act of Congress applying to certified transcripts from courts of other States. A witness testified that the practice in Tennessee is, that no judgment or decree is signed by either the attorney or the chancellor or judge, but that the decree or judgment is spread on the minutes, and on the morning of the succeeding day the judge or chancellor signs the minutes of the preceding day, and at the end of the term signs the minutes of the entire term. He knew of no statute or decision requiring the chancellor to sign the min-

utes, or invalidating the decree or judgment when there is a failure so to do.    The objection was overruled.

*W. H. Payne* and *Copeland & Jackson*, for plaintiff in error.   *R. M. W. Glenn*, contra.