## BELL v. BOWDOIN.

1. Where an affidavit of illegality is filed to an execution from a justice's court on the ground that the judgment from which it issued is too vague and uncertain, the judgment may be amended at a regular term of the justice's court, even after the case has been appealed to the superior court.
2. After a suit in a justice's court upon a note has proceeded to judgment and execution issued thereon, the summons, service thereof, and pleas, if any, are office papers, and if lost may be established in that court instanter on motion. Certified copies of such established copies are admissible in evidence in the superior court in the trial of an illegality to an execution issued on the judgment.
3. When on the trial of an illegality in the superior court, appealed from a justice's court, the defendant alleges in the affidavit of illegality that he had never been served with process from the justice's court, it is not error to admit the testimony of the magistrate, that he served the defendant with process at the request of the constable, and that the defendant accepted it as such.

Argued October 10, — Decided November 4, 1899.

Illegality — appeal.　Before Judge Reagan.　Butts superior court.　March 18, 1899.

*J. R. L. Smith*, for plaintiff in error.
*B. P. Bailey* and *Y. A. Wright*, contra.

SIMMONS, C. J.　It appears from the record that Bowdoin obtained a judgment against Bell in a justice's court, upon a promissory note. Execution was issued thereon and levied upon the property of Bell; whereupon he filed his affidavit of illegality on numerous grounds, one of them being that the judgment entered by the magistrate was too vague and uncertain. The record discloses that the judgment entered on the docket of the magistrate was, "Judgment for plaintiff for his principal sum, and interest at eight per cent. after maturity, and all future interest and cost of suit." The note sued on was for $61.10 principal. The execution issued for this amount, together with interest thereon, and costs. Another ground taken in the illegality was, that the defendant had never been served with any summons, nor had he acknowledged or waived service or authorized any one to do so for him, and that he did not appear and plead at the term of the court at which the judgment was entered up against him. There seems to have

been a trial upon this illegality in the justice's court, but whether the illegality was sustained or not the record does not disclose. It does show, however, that there was an appeal taken from that court to the superior court. It also shows that after the appeal had been entered in the superior court the justice of the peace, at a regular term of his court, amended the judgment so as to set out the amount therein.

1. When this amended judgment was offered in evidence on the trial in the superior court, the defendant objected to its admission, on the ground that the judgment was void, and that, even if it was not, the justice of the peace had no power to amend the judgment after the case had been appealed to the superior court, as the trial of the case in that court was a de novo investigation. We do not think there was any merit in this objection. The judgment rendered for the plaintiff, for principal, interest, and costs, was not void. It was merely irregular, and we know of no law which prevents a justice of the peace from amending such a judgment so as to make it speak the truth as to the amount thereof. If the jury believed the evidence for the plaintiff, as they had a right to do, there was a trial before the justice of the peace, or, at least, there was a judgment by him as to the liability of the defendant upon the note sued on. He adjudged that the defendant owed the plaintiff the amount of the note, with interest and costs of suit. By inadvertence he failed to state the amount. Good sense and the ends of justice would require that he be allowed, at a regular term of his court, to amend this judgment so that the amount could be stated therein. Nor do we think there is any law which would prevent the justice of the peace from amending the judgment after the case had reached the superior court by appeal. It was not an appeal from the judgment entered by the justice of the peace, and therefore did not carry up to the superior court the papers in the original suit and the judgment thereon, but the appeal brought in question only his decision upon the illegality, whatever that was. Under section 5113 of the Civil Code a judgment may be amended in conformity to the verdict even after execution issues; and this court has held that it may be amended even after the execu-

tion has been paid off. In the case of *Saffold* v. *Wade*, 56 *Ga.* 174, a judgment was rendered against the defendant and execution issued thereon. He filed an illegality to the levy, which was sustained. After this the judgment was amended and execution again levied upon the defendant's property, and this court held that the plaintiff in fi. fa. had a right to amend his judgment and fi. fa. and have it again levied upon the defendant's property. The case of *Reeves* v. *Graffling*, 67 *Ga.* 512, was a suit in a justice's court, appealed to the superior court. On the appeal counsel for defendant moved to dismiss the case because there was no legal process or summons, the summons stating no county or district. The trial judge allowed the summons to be amended by supplying this omission, and this court affirmed that judgment.

2. Pending the trial in the superior court certified copies of established copies of the pleadings in the justice's court were tendered in evidence and admitted over the objection of the defendant; the objection being, that it did not appear that the original papers were lost by the magistrate while in his hands or while in the hands of some one else, and if lost in the hands of some person other than the magistrate, then no affidavit appeared of that fact, as required by section 4753 of the Civil Code. We do not think that these papers were established under this section, but under section 4743 of the Civil Code, which provides that office papers may be established instanter on motion. The first section prescribes the method of establishing copies of papers in a pending suit, which have been lost or mislaid either by the magistrate or some other person. In the present case the suit upon the note had been ended some two years, and the summons, entry of service, etc., were "office papers" belonging to a case which had been fully disposed of by the justice of the peace, and not one which was pending. The copies were doubtless established under the section last above referred to. When so established, they took the place of the original papers which had been lost, and certified copies of these established copies were, under sections 5214, 5215 of the Civil Code, admissible in evidence in the superior court.

3. One of the grounds of the affidavit of illegality, as before

stated, was that the defendant had never been served with the summons.   On the trial of this issue the justice of the peace was offered as a witness, and testified that he issued the original summons and placed it in the hands of the constable, and that the constable handed it to him and requested that he serve it upon the defendant, ·if he would accept it as service.   He met the defendant and told him of the request of the constable, and the defendant agreed to accept service from him.   This testimony was objected to on the ground that, by means thereof, it was sought to prove a waiver of service of process, which was not in writing.   We do not think that was the object of the testimony.   The copy summons which the justice of the peace handed to the defendant was the process of the court, commanding him to appear at the time and place therein designated to answer, etc.   The testimony did not seek to establish the fact that he waived this process, but it was simply to show that he received the process through an irregular channel, and that he accepted it as service.   We see no reason to hold that a process thus served and accepted would not bind the defendant. While it is true that the law appoints a particular person to make this service, still the defendant can waive service by this particular person and accept it from another.   This summons informs him that a certain suit brought by a certain plaintiff against him is pending in a certain justice's court.   That is the information that the law desires to give him by having him served with a copy summons.   If he accepts it from a person other than the one appointed by law to convey it to him, there is no good reason why he should not be bound thereby; and, on the trial of a traverse to an entry of service by the constable on the summons, we think such testimony is admissible to show in what manner the defendant was served.

*Judgment affirmed.    All the Justices concurring.*