6621.   CLEIN et al. v. DIAMOND.

BROYLES, J.   1. The judgment in this case was based upon a record judgment obtained in the State of New York. The original judgment was given in the municipal court of the City of New York and was afterwards filed in the office of the clerk of the Supreme Court of New York county, where it became a record judgment of the Supreme Court of New York. The transcript of this judgment is authenticated substantially in accordance with the acts of Congress of 1790 and 1804, embodied in section 5824 of the Civil Code of Georgia, and is sufficient evidence of the validity of the judgment in the State of New York, and should be given full faith and credit. Little Rock Co. v. Hodge, 112 Ga. 521 (37 S. E. 743). The form of a judgment record is regulated by the practice of the court in which the judgment was rendered. "To make such a record valid upon its face, it is only necessary for it to appear that the court had jurisdiction of the subject-matter of the action, and of the parties, and that a judgment had in fact been rendered. All else is form only." Maxwell v. Stewart, 88 U. S. 73 (22 L. ed. 564, 565). And the fact that the judgment, or the transcript of the judgment, as recorded in a sister State, is, as compared to judgments in our own State, very much abbreviated and more like a memorandum of judgment than the judgment itself, or the transcript thereof, is immaterial, when it appears from the certificate of the clerk that it is the entire record of the judgment contained on the judgment docket of the court.

2. Where it appears from the record that the judgment sued on was rendered against but one of three persons sued jointly as partners, the other two not having been served, the judgment is not for that reason shown to be void on the face of the record and inadmissible in evidence. Little Rock Co. v. Hodge, supra. The judgment, however, of course, will bind only the partnership assets and the individual partner served.

3. The judge of the superior court did not err in overruling the certiorari.

Judgment affirmed.

DECIDED FEBRUARY 17, 1916.

Certiorari; from Fulton superior court—Judge Bell.   March 29, 1915.

Carl Hutcheson, Foster & Stockbridge, for plaintiffs in error. Anderson, Slate & D'Orr, contra.