### 9123. BARNES *v.* MECHANICS SAVINGS BANK.

1. In justices' courts the docket entries control in determining whether there was a valid and lawful judgment.
2. The power of a justice of the peace to amend a judgment rendered by himself is limited to mere matters of form. He has no power to change its legal tenor or effect.

DECIDED APRIL 12, 1918.

Certiorari; from Chatham superior court—Judge Meldrim. July 11, 1917.

*Wilson & Rogers,* for plaintiff in error.
*Pettie & Tucker,* contra.

WADE, C. J. The Mechanics Savings Bank instituted suit in a justice's court in the city of Savannah, against the maker and the indorser of a promissory note. At the conclusion of the trial the magistrate, before whom the case was tried without the interven-

tion of a jury, rendered a judgment in favor of the plaintiff, which he entered in writing upon the summons. Subsequently a judgment in favor of the defendant and against the plaintiff was entered upon the docket of the justice's court, and signed by him. When this conflict between the judgment as entered on the summons and the judgment as entered on the docket was discovered, the justices' courts of Savannah had been abolished, and the municipal court of Savannah created and established in their stead (Ga. L. 1915, p. 124); and to the municipal court the plaintiff addressed a petition to amend the said docket judgment, so as to make it read in favor of the plaintiff, instead of in favor of the defendant. The facts set out in the plaintiff's petition were substantially as above stated and were admitted to be true. The defendant demurred to the petition generally, and on the ground that "the municipal court of Savannah has no jurisdiction and authority to grant the amendment to the judgment of the justice's court, the said amendment being a material amendment and not one of form." The court overruled the demurrer, and, on certiorari, the superior court sustained the judgment of the municipal court. The case came to this court on exception to the overruling of the certiorari.

The Civil Code (1910), § 4679, requires justices of the peace "to keep a docket of all causes brought before them, in which must be entered the names of the parties, the returns of the officer, and the entry of the judgment, specifying its amount and the day of its rendition." To determine, therefore, whether there was a valid judgment, resort must be had to the docket entry, and to it alone. Mere verbal announcement of decision is no judgment. *N., C. & St. L. Railway* v. *Brown*, 3 *Ga. App.* 561 (2) (60 S. E. 319). See also *Hargrove* v. *Turner*, 108 *Ga.* 580, 582 (34 S. E. 1); *McCandless* v. *Inland Acid Co.*, 112 *Ga.* 291, 298 (37 S. E. 419). It is clear, therefore, from these citations, that to be enforced as the judgment of the justice (not on appeal), there must be a written judgment actually entered on the docket during the term (whether consistent with his previous announcement or not); or, if no judgment is entered on the docket in term time, a judgment must be announced in term time and transcribed on the docket after judgment. See *Park* v. *Callaway*, 128 *Ga.* 119 (57 S. E. 229). The docket, and not the original summons, is the proper place to enter

the. judgment (*Ramsey* v. *Cole*, 84 *Ga.* 147, 10 S. E. 598); and consequently the judgment actually entered on the docket is the one we must look to as the true judgment of the magistrate, and not the judgment written on the summons.

The question next arises: What powers does a justice of the peace have in regard to amending or modifying a judgment formally entered by him. It is well settled that as a general rule, in courts of record, judgments are in the breast of the court until the end of the term, and may be amended, modified, set aside, or changed, in form or effect, at the pleasure of the court. This power does not, however, exist in justice's courts. *O'Donovan* v. *Ocean Steamship Co.*, 1 *Ga. App.* 190, 191 (57 S. E. 982); *Field* v. *Peel*, 122 *Ga.* 503, 506 (50 S. E. 346), and cit.; *White* v. *Burnett*, 113 *Ga.* 151 (38 S. E. 332); *Fields* v. *Jordan*, 124 *Ga.* 685, 687 (52 S. E. 885). It is likewise well settled that the act of entering judgment on a verdict of a jury is controlled by entirely different principles from those affecting a judgment rendered by the magistrate himself. However, the right of amending a judgment based on a verdict of a jury is not involved in this case, since here the justice was sitting without the intervention of a jury. Although a magistrate has no power to set aside a judgment rendered by him, he nevertheless has some power to amend the same. *Bell* v. *Bowdoin*, 109 *Ga.* 209 (34 S. E. 339). In answering the question, "How far does it [the power to amend a judgment in a justice's court] extend?" this court has said: "The power to amend a judgment so that it should, in its substantial effect, be different from what it was originally is equivalent to the power to set aside one judgment and substitute another. The only logical result, therefore, is that the magistrate may amend his judgments only in matters of form. As in the case of *Bell* v. *Bowdoin*, supra, when the judgment expresses a finding against the defendant for the principal and interest sued for, an amendment of the pleadings, setting out definitely the amounts, does not vary the legal tenor and effect of the judgment, and is therefore permissible. An amendment which will give the judgment a legal effect different from that originally stated, or which will extend or limit its scope, is not allowable." *N., C. & St. L. Railway* v. *Brown*, supra. In that case a judgment was rendered by the magistrate and entered on his docket in favor of the plaintiff, and against the de-

fendant and the garnishee jointly, and upon this judgment an execution was issued, and the garnishee filed an affidavit of illegality. At the hearing of the illegality, the magistrate, on motion of the plaintiff, allowed the judgment to be amended by changing it into a separate judgment against the defendant and the garnishee. The garnishee sued out a certiorari to the superior court, and upon the hearing there the action of the magistrate was sustained. To this judgment the garnishee excepted. The magistrate, in his answer to the certiorari, explained that he announced judgment against the defendant and the garnishee separately, but, by inadvertence of a clerical assistant, the joint judgment was written up and entered on the docket. The Court of Appeals reversed the judgment of the superior court, and held that the magistrate could not by amendment convert a joint judgment into a separate judgment. It would seem, therefore, that if a magistrate can not amend his judgment so as to make it read against the defendant and the garnishee separately, instead of against the defendant and the garnishee jointly (this being a material change), he certainly could not amend a judgment so as to convert it into a judgment in favor of the plaintiff, instead of in favor of the defendant (as was sought to be done in the instant case), as such an amendment would undoubtedly vary the legal tenor and effect of the judgment, or would at least give the judgment a legal effect different from that originally stated.

The judge of the superior court therefore erred in overruling the petition for certiorari.

*Judgment reversed. Jenkins and Luke, JJ., concur.*