SULLIVAN *v.* DOUGLAS GIBBONS INCORPORATED.

No. 12674.  March 9, 1939.

*Winfield P. Jones,* for plaintiff in error.  *J. G. Roberts,* contra.

Grice, Justice.  This was a suit by Douglas Gibbons Inc. against John G. Sullivan, in Cobb superior court, on a judgment obtained in the municipal court of the City of New York, borough of Manhattan, third district, a copy of the foreign judgment being attached to the plaintiff's petition as an exhibit.  No answer being filed by the defendant, the suit was marked "in default" upon the call of the appearance docket at the first term.  At the trial term, before the case was called for trial, the defendant filed a motion asking the court to refuse to render any judgment in the case, or, if the case be submitted to the jury, to instruct them that they would not be authorized to return a verdict against the defendant, on the ground that it did not appear that the judgment sued on was rendered by a foreign court of competent jurisdiction and was not such a foreign judgment as would support an action here, and consequently that the petition failed to set out a cause of action. The court overruled this motion.  The plaintiff tendered in evidence a certified transcript and copy of the judgment sued on, signed by the clerk of the municipal court of the City of New York. It was objected to by the defendant on the ground that it did not appear that the court where the judgment was entered was a court of general jurisdiction or a court of record, or that any statutory authority existed in the State of New York for an entry of a judgment in the court by the clerk, and that the practice of the judgment being entered by the clerk of the court was unknown to the practice in Georgia; and therefore that the evidence tendered did not constitute an authenticated copy of an enforceable foreign judgment under our Code, § 38-627.  The objection was overruled, and the documentary evidence was admitted.  There being no further evidence, the court directed a verdict for the plaintiff.  On writ of error the Court of Appeals affirmed the judgment of the trial court.  The case is now in the Supreme Court on certiorari.  The

plaintiff in certiorari assigns error on the judgment of the Court of Appeals as contrary to law; "and more especially because, notwithstanding that, no lack of jurisdiction appearing on the face of the record, the said foreign court was presumptively a court of competent jurisdiction, the certified copy of said alleged judgment purporting to be entered by a ministerial officer of said court, to wit, the clerk thereof, there being no proof of the existence of statutory authority for the rendition thereof by the said clerk of said court, was not an authenticated copy of a judgment enforceable in the courts of this State under the Code, § 38-627, and was not therefore admissible in evidence, and the direction of verdict in plaintiff's favor thereon was erroneous."

The copy of the judgment sued on, accompanied by a copy of the transcript of the record of the court in which it was rendered, was fully and properly authenticated. The authentication included a statement by the president-justice of the court, to the effect that the attestation by the clerk was in due form, and that full faith and credit are due his official acts. The attack on the judgment is based on the fact that the clerk signed it. It does not appear to have been signed by the judge. The signature of the clerk to the judgment does not mean that the judgment was rendered by the clerk, but it is merely his certificate that it was entered by the court. Egoard v. Dohlke, 109 Wis. 366 (85 N. W. 368). Compare Gratton v. Mattison, 55 Iowa, 229 (6 N. W. 298). "Generally a judgment is not required to be signed by the judge of the court rendering it, and his failure to sign the judgment will not invalidate it." 33 C. J. § 152. Our Code, § 24-601, requires that justices of the peace must enter their judgments on the dockets of their courts. It has been held that, to determine whether there was a valid judgment in the justice's court, resort must be had to the docket entry, and to that alone. Barnes v. Mechanics Savings Bank, 22 Ga. App. 214 (95 S. E. 757). When so entered, it is not void because unsigned. Gunn v. Tackett, 67 Ga. 725; Park v. Callaway, 128 Ga. 119 (57 S. E. 229). Nor is an unsigned verdict, on which a judgment has been entered, void. Harris v. Barden, 24 Ga. 72; Patterson v. Murphy, 63 Ga. 281; Bellie v. Daniel Co., 175 Ga. 349 (165 S. E. 265). Under our first Code it was provided that decrees in equity should be signed by the chancellor; but before that time it was the general rule of practice prevailing

in this State that they need not be so signed. *Monroe* v. *Dumas,* 42 *Ga.* 238; *Bennett* v. *Brown,* 56 *Ga.* 216, 222. It is still the law with us that in all cases where a verdict is rendered, the party in whose favor it may be or his attorney shall be allowed to enter and sign up judgment thereon at any time within four days after the adjournment of the court at which such verdict was rendered, for the amount thereof and all costs recoverable thereon. Code, § 110-302. The form of the judgment is regulated by the practice of the court in which the judgment is rendered. *Clein* v. *Diamond,* 17 *Ga. App.* 652 (87 S. E. 1101). The signature of the clerk in the instant case was, as observed by Judge Bleckley in *Tharpe* v. *Crumpler,* 63 *Ga.* 273, harmless if not efficacious. The case of *Norris* v. *McCullough,* 74 *Ga.* 602, is clearly distinguishable, and nothing decided therein conflicts with what we here rule. We think that the instant case is in principle controlled by the ruling of this court in *McFarland* v. *Fricks,* 99 *Ga.* 104 (24 S. E. 868), where it was held: "Where a transcript of the record of a decree purporting to have been rendered by a court of record of another State has been duly certified under the act of Congress, embodied in section 3830 of the Code [of 1882], this is sufficient evidence of the validity of such decree, although it does not appear to have been signed by the chancellor. Nor, in such case, is it at all essential to show that he signed the minutes of the court by which such decree was rendered." The decision of the Court of Appeals is correct. *Judgment affirmed. All the Justices concur.*