## 48414. WATKINS v. THE STATE.

EVANS, Judge. The defendant was convicted under a two-count indictment in the Superior Court of Dade County of incest and sodomy. He was sentenced to serve 15 years in the state penitentiary. His motion for new trial was overruled, and he appeals. *Held:*

1. Error is enumerated on the court's charge that if the jury found that defendant did in Dade County at any time within four years commit a sexual act with (a named female), and if they further found that he is the natural father of the girl, they would be authorized to convict him. It is contended by defendant that under this charge the jury was permitted to convict him for an offense with which he had not been charged. This charge was appropriate to the crime of incest and the complaint is therefore without merit.

It is further contended that this charge "failed to apprise the defendant of the crime for which he was required to defend himself." It is not the function of a charge of the court to *apprise* the defendant of the crimes with which he is charged; that is, the function of the indictment. Any objection he might have had to the indictment and its failure to properly apprise him would have to be made other than by objection to the charge.

2. After conviction, and during the sentencing phase of the proceedings, evidence was introduced before the jury which tended to show a previous conviction in Hamilton County, Tennessee, of burglary. Defendant objected because it was not shown that the judgment of conviction was signed by a judge. The judgment was certified as it appears on the minutes of the court by the present clerk thereof, and contains a certificate by the present presiding judge of that court, to the effect that the said clerk was, at the time of signing the certificate, clerk of said court, which was a court of record, and "his attestation is in due form, and his official acts as such are entitled to full faith and credit."

Under Code § 38-627; *McFarland v. Fricks,* 99 Ga. 104 (24 SE 868); and *Sullivan v. Douglas Gibbons, Inc.,* 187 Ga. 764 (2 SE2d 89), the objection to the certified copy of the minutes was not well taken. This is true even though the trial judge was not shown to have signed the judgment of conviction. Similar situations were presented in the *McFarland* case, supra, and the *Sullivan* case, supra, and the Supreme Court of this state ruled the

minutes of the court were properly admitted.

*Judgment affirmed. Hall, P. J., and Clark, J., concur.*

Submitted September 13, 1973 — Decided October 11, 1973.

*J. Donald Bennett,* for appellant.

*Earl B. Self,* District Attorney, *William Ralph Hill, Jr.,* for appellee.