A89A0470. CORDOVA et al. v. THE STATE.
(381 SE2d 436)

McMURRAY, Presiding Judge.

Defendants Cordova, Orindia and Perez were jointly tried before a jury upon an indictment which charged two counts of armed robbery and two counts of kidnapping. Each of the defendants was convicted of all four counts charged. Defendants' appeal raises 12 enumerations of error. *Held:*

1. Defendants contend the trial court erred in charging the jury on the law of conspiracy. Defendants argue that "[b]y charging the jury on the law of conspiracy when the defendants were not charged with conspiracy in the indictment placed an unfair burden on defend-

ants because they were not given notice as to evidence to be presented against them which they were not prepared to meet. This failure to inform defendants as to this burden denied them due process of law. . . ."

In the case sub judice, defendants were not charged with the offense of conspiracy to commit a crime (OCGA § 16-4-8) and were given proper notice of the four charges against each of them. The inclusion of the substance of OCGA § 16-2-20 in the court's charge to the jury created no denial of defendants' due process rights under either State or federal constitutions. The evidence authorized a charge on conspiracy under OCGA § 16-2-20, even though not alleged in the indictment. *Brooks v. State*, 169 Ga. App. 543, 546 (9) (314 SE2d 115); *Hayes v. State,* 163 Ga. App. 177, 178, 179 (2) (293 SE2d 62); *Hamby v. State*, 158 Ga. App. 265 (2) (279 SE2d 715). See also *Watkins v. State*, 129 Ga. App. 891 (1) (201 SE2d 825).

2. In their second enumeration of error, defendants suggest error in the trial court's charge to the jury which sets forth almost verbatim the substance of OCGA § 16-2-21. Since this charge is a correct statement of the law and properly adjusted to the evidence at trial we find no error in its submission to the jury. *Murdix v. State*, 250 Ga. 272, 275 (2) (297 SE2d 265); *Dennis v. State*, 216 Ga. 206, 207 (3) (115 SE2d 527); *Rowles v. State*, 143 Ga. App. 553, 556 (3) (239 SE2d 164).

3. Defendants' third enumeration of error asserts the trial court "erred in its charge given to the duty of the jury in reference to reasonable doubt . . . in that it states that the jury has to doubt the law in order to acquit the defendants." Defendants argue that "[t]he court committed error in its charge on reasonable doubt . . . in that it states that the jury has to have a doubt as to the law to acquit. This charge was confusing and incorrect as a matter of law and deprived defendants of a fair trial." "The trial court's charge on reasonable doubt was not erroneous. 'It is well settled by case law that the charge of the court must be taken in its entirety when considering its impact upon the jurors.' *Dyke v. State*, 232 Ga. 817, 825 (209 SE2d 166) (1974). When the charge in the present case is taken as a whole, the jury was clearly informed of the correct applicable law as to what constitutes a reasonable doubt." *Anderson v. State*, 150 Ga. App. 318 (1) (257 SE2d 385). See *Taylor v. State*, 252 Ga. 125, 127 (2) (312 SE2d 311); *Manning v. State*, 162 Ga. App. 494, 496 (5) (292 SE2d 95).

4. In their fourth enumeration of error defendants contend a portion of the trial court's charge directs the jury to find all defendants guilty if it determines that any one of the defendants is guilty. While the defendants are sometimes referred to collectively, when the jury charge is considered as a whole, defendants' joint contention is clearly without merit. The jury was instructed to consider each charge in the indictment against each defendant separately and that each defend-

ant was entitled to have the case against him decided solely on the law and evidence applicable to him. *Asbury v. State*, 175 Ga. App. 335, 337 (2) (333 SE2d 194); *Shields v. State*, 171 Ga. App. 200, 201 (319 SE2d 72).

5. Defendants' enumerations of error 5, 6, 7, 8, 9 and 10 address the trial court's refusal to give various of defendants' requested charges. The trial court's charge covered in substance the principles articulated in the refused requests to charge. The refusal of the trial court to charge in the exact language requested was not error. *Moore v. State*, 186 Ga. App. 381, 383 (3) (367 SE2d 239); *Dukes v. State*, 186 Ga. App. 773 (2) (369 SE2d 257).

6. Defendants having presented no argument or citation of authority in support of their enumerations of error 11 and 12, they are deemed abandoned. See Rule 15 (c) (2) of the Rules of the Court of Appeals of Georgia.

*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED APRIL 10, 1989.

*James R. Venable,* for appellants.

*Lewis R. Slaton, District Attorney, Benjamin H. Oehlert III, Joseph J. Drolet, David Wright, Assistant District Attorneys,* for appellee.