WILLIAM HARRISON, plaintiff in error, vs. MARY J. SHORTER et al., defendants in error.

[JACKSON, Judge, having been of counsel, did not preside in this case.]

1. Petition for removal of cause from state to federal court, must show that opposite party is citizen of state in which suit was brought.
2. Does a claim case, originating under our statute, come within provisions of act of congress as to removal of cases? *Quære.*

United States Courts. Removal of causes. Before Judge CRAWFORD. Quitman Superior court. November Term, 1876.

Reported in the decision.

W. A. HAWKINS; B. P. HOLLIS; S. H. GUERRY; GUERRY & SON, for plaintiff in error.

A. HOOD, for defendants.

WARNER, Chief Justice.

This was an application to the superior court of Quitman county by the claimants, in a claim case pending in that court, to transfer the same to the circuit court of the United States, under the act of congress, the claimants being citizens of the state of Alabama. The court granted an order

for the removal of the case, and the plaintiff in *fi. fa.* excepted.

1. The application to remove the case was made under the 639th section of the revised statutes of the United States, which provides for the removal of cases from the state courts to the United States circuit courts, upon the grounds therein stated, " when the *suit* is between a citizen of the state in which it is brought and a citizen of another state." There is no allegation in the petition for the removal of the case, nor in the affidavits annexed thereto, that the plaintiff in the case is a citizen of the state in which the suit was brought and is now pending. To authorize the removal of the suit under the act of congress, it must be a suit between a citizen of a state in which it is brought and a citizen of another state. The petitioners allege that they are citizens of another state, to-wit: of the state of Alabama, but do not allege that the plaintiff is a citizen of the state in which the suit was brought and is now pending; and, for that reason, the order for the removal of the case was error.

2. According to the ruling of the supreme court of the United States, in the case of Bank *vs.* Turnbull & Co., 16th Wallace's Rep., 190, it is extremely doubtful, whether a claim case, as authorized by the laws of this state, is such a suit as was contemplated by the act of congress so as to enable the claimants therein to remove it into the circuit court of the United States.

Let the judgment of the court below be reversed.