# CASES

## ARGUED AND DETERMINED

### IN THE

# United States Circuit and District Courts.

---

## FLASH and others *v.* DILLON.

*(Circuit Court, E. D. Texas.* October 2, 1884.)

1. REMOVAL OF CAUSE—CLAIM OF PROPERTY TAKEN UNDER EXECUTION FROM STATE COURT—STATUTORY PROCEEDING.

  On September 26, 1877, F., L. & Co recovered a money judgment against B., in Bowie, county, Texas. Some years afterwards, an execution issued upon that judgment and was levied upon a stock of goods in Texarkana. Under the statute law of Texas, D. filed her oath and claim bond, and took the property levied upon as her own. F., L. & Co. then filed their petition for removal of the proceeding by D. into the United States circuit court, they being non-residents, and the same was granted. When the cause came on to be heard in the United States court, D. moved to remand the cause. *Held,* that this proceeding was not such a "suit" as could be removed into the federal court unless the original suit had remained undetermined and was also removed with it.

Motion to Remand.

*Culberson & Culberson,* for the motion, cited 16 Wall. 190; 19 FED. REP. 49; 4 Dill. 557; 99 U. S. 80; 10 FED. REP. 406.

*Todd & Hudgins* and *Geo. T. Todd, contra.*

SABIN, J. In this case it is urged that the same has been improperly removed to this court, the same not being a "suit" within the terms of the act, and that it is virtually an appendage to the suit of *Flash, Lewis & Co.* v. *R. Bruhn,* No. 1,654, wherein judgment was rendered September 26, 1877, in the district court of Bowie county, Texas. In the state courts this class of proceedings is virtually recognized as a "suit," and so generally understood and considered by the public and the profession; but the question seems to be whether, in point of fact, it is such a "suit" as can be removed to this court, being a proceeding authorized by statute for the trial of the right of property. At first I was very much inclined to think that it was, and but for the authorities adduced should have so held. Upon the examination of authorities, however, I find that it seems to be settled that it is not such a suit as can be removed into this court unless the

original suit had remained undetermined, and was likewise with this removed to this court.

The case of *Bank* v. *Turnbull*, 16 Wall. 190, seems to control this case. The practice in Virginia, it is true, is somewhat different from that in our state, as there the claimant intervenes in the suit and gives two different kinds of bonds, and here he files an affidavit and gives but one kind of bond; but in all other respects it seems to be very similar to ours, and the reasoning of the court in that case is applicable to our own, and it seems to me that I ought to be bound by that decision and decide this case in accordance therewith. The court, in that case, say:

"Conceding it to be a suit and not essentially a motion, we think it was merely auxiliary to the original action,—a graft upon it, and not an independent and separate litigation. A judgment had been recovered in the original suit, final process was levied upon the property to satisfy it, the property was claimed by Turnbull & Co., and this proceeding, authorized by the laws of Virginia, resorted to to settle the question whether the property ought to be so applied. The contest could not have arisen but for the judgment and execution, and the satisfaction of the former would have at once extinguished the controversy between the parties. The proceeding was necessarily instituted in the court where the judgment was rendered and whence the execution issued. No other court, according to the statute, could have taken jurisdiction. It was provided to enable the court to determine whether its process had, as was claimed, been misapplied, and what right and justice should be done touching the property in the hands of its officer. It was intended to enable the court, the plaintiff in the original action, and the claimant, to reach the final and proper result,—a process at once speedy, informal, and inexpensive. That it was only auxiliary and incidental to the original suit is, we think, too clear to require discussion."

See also authorities cited by the court.

The case of *Poole* v. *Thatcherdeft*, 19 FED. REP. 49, (Circuit Court, D. Minnesota, December 13, 1883,) has been also cited in support of the motion to dismiss in this case, and seems also to be in point. The case now before me is one where a judgment having been rendered some years since in the State district court of Bowie county, Texas, in favor of these plaintiffs, Flash, Lewis & Co., and against one A. Bruhn, and an execution having been levied upon personal property, the same was claimed by H. J. Dillon, and affidavit and bond filed, and returned with the execution and inventory and appraisement of the property levied upon in the possession of the defendant in the execution. After which the plaintiffs in the execution remove their cause against H. J. Dillon, claimant, before the trial of the right of property, to this court. The clerk, it is true, certifies up a copy of all the proceedings in cases No. 1,654 and No. 1,956, (*Flash, Lewis & Co.* v. *A. Bruhn, Defendant,* and *Flash, Lewis & Co.* v. *H. J. Dillon, Claimant,*) from which it appears that the judgment in the original case was rendered September 26, 1877, and that the *alias* execution, by virtue of which the levy was made, was dated the twenty-fourth day of January, 1882, the first one having been issued

the fourteenth of November, 1877. The plaintiffs, in their petition for removal, simply seek to remove the suit or proceeding between them and the claimant, it being conceded that no removal could be had of the original suit against A. Bruhn, the same having been fully determined in the state court. But it is claimed by plaintiffs that the suit or proceeding against H. J. Dillon, claimant, is an independent proceeding, and not having been heard and determined in said state court can be removed and heard in this court; all of which, it seems to me, depends upon the ruling of the supreme court of the United States before referred to, and in accordance with which this case must be decided.

It seems to me that this cause must be remitted to the district court of Bowie county, Texas, from whence it came; and it is so ordered.