## BRANNAN *v.* CHEEK.

When a claim has been interposed to the levy of an execution, and the case has been returned to a court which has no jurisdiction of such case and for that reason dismissed by that court, this gives no right of action by the plaintiff in fi. fa. upon the forthcoming bond made by the claimant.

Argued December 11, 1897. — Decided January 21, 1898.

Action on bond. Before Judge Lumpkin. Fulton superior court. March term, 1897.

*Robert L. Rodgers*, for plaintiff.

COBB, J. It appears from the record in the present case, that an execution issued from the superior court of Gwinnett county was levied upon property, both real and personal, in Fulton county, and that a claim thereto was interposed by Mrs. Cheek, who gave a forthcoming bond conditioned to have the personalty at the time and place of sale, if it should be

found subject to the execution. The sheriff returned the claim to the superior court of Fulton county. When the case came on to be tried, the court dismissed the claim as to the personalty. Whereupon the plaintiff in execution brought suit on the forthcoming bond, alleging that the property had been disposed of by the claimant, and could not be produced. It did not appear that the claim had ever been returned to or disposed of by the superior court of Gwinnett county. On motion, the judge dismissed the suit on the bond, holding that the facts alleged were not sufficient to authorize a recovery.

When an execution issued from the superior court is levied upon personal property and a claim interposed by a person not a party to the execution, it is the duty of the levying officer to return the claim, together with the execution, to the next term of the superior court from which the execution issued. Civil Code, § 4621. The superior court of Fulton county had no jurisdiction to try the claim to the personalty, and hence it was properly dismissed. The sheriff not having returned the claim to the proper court, the remedy of either party to the execution was to move a rule against him and compel a proper return of the claim. *Brooks* v. *Colby*, 25 *Ga.* 634. It not appearing that the claim was ever returned to or disposed of by the court having jurisdiction to try the claim case, there has been no judgment declaring the property subject to the execution, the condition of the bond is unbroken, and no recovery could be had under the facts alleged in the petition. The dismissal of a claim case by a court having jurisdiction to try the same would be, in effect, a judgment that the property was subject; a judgment of dismissal for want of jurisdiction would not have such an effect. The judgment of a court declaring only that it has no jurisdiction of a case can not be invoked to prejudice or in any way affect the rights of the parties as to the merits of the controversy between them.

Whether or not the plaintiff in execution can still have the claim returned to the proper court and there disposed of is a question not made by this record.

*Judgment affirmed. All the Justices concurring.*