EVERETT constable, for use, etc., *v.* BROWN *et al.*

A justice's court has jurisdiction to try the issue made by a claim interposed to a levy upon personalty, under an execution issued therefrom.

Submitted February 12, — Decided March 13, 1903.

Action on bond. Before Judge Evans. Washington superior court. May 10, 1902.

An execution from a justice's court, in favor of Stephens, executor, against Brown, was levied by Everett, constable, on certain household goods as the property of the defendant; and a forthcoming bond was given by the defendant. A claim to the prop-

erty was interposed by the defendant's wife, and on the day adver-
tised for the sale under the levy he refused to deliver the property
to the constable.    On the trial of the claim case in the justice's
court, judgment was rendered in favor of the claimant.    After-
wards suit was brought on the forthcoming bond, and it was con-
tended by the plaintiff that the justice's court had no jurisdiction
of the claim case, and, therefore, the judgment in favor of the
claimant did not relieve the obligors in the forthcoming bond
from liability for failure to produce the property at the time and
place of sale.    The judge, to whom the case was submitted on an
agreed statement of facts, for trial without a jury, ruled against
this contention, and rendered judgment in favor of the defend-
ants.    Plaintiff excepted.

*E. W. Jordan*, for plaintiff.
*Rawlings & Howard*, for defendants.

FISH, J.    This case presents but a single question for determi-
nation, viz.: has a justice's court jurisdiction to try an issue made
by a claim interposed to a levy upon personalty, under an execu-
tion issued from such court ?    Our constitution (Civil Code, § 5856)
provides: " Justices of the peace shall have jurisdiction in all civil
cases arising ex contractu, and in cases of injuries or damages to
personal property, when the principal sum does not exceed one hun-
dred dollars."    The contention of counsel for plaintiff in error is,
that this provision of the constitution is exhaustive as to the juris-
diction of justices' courts; that a claim is not a civil case arising
ex contractu ; and therefore that a justice's court has no jurisdic-
tion of a claim case.    Prior to the constitution of 1868, giving ju-
risdiction to justices' courts, " in all civil cases where the principal
sum claimed does not exceed one hundred dollars," there was no
constitutional restriction upon the jurisdiction of such courts in civil
cases, but that subject was left to legislative control.    The legisla-
ture, by the act of 1811 (Cobb's Dig. 638), authorized justices'
courts to try claim cases, and since then they have continually ex-
ercised such jurisdiction, their authority to do so being expressly
recognized in the Codes of 1863 and 1895, adopted by the legisla-
ture.    The authority of such courts to try claim cases arising under
levies of executions issued therefrom has been recognized for nearly
a century, and for more than a quarter of a century since the adop-

tion of the constitution of 1877.    We do not, of course, seek to base
our judgment upon legislative construction, or upon the long-estab-
lished and hitherto unquestioned practice in this State; for we are
clear that, even under the strictest construction of the provisions
of the present constitution in relation to the jurisdiction of justices'
courts, such a court has the power to try the issue raised by the
interposition of a claim to personalty levied upon under an execu-
tion issued therefrom.

A claim is not an independent, original action, but a mere inci-
dent to the main case, to enable the court to direct and control its
own process; or, in the language of Mr. Justice Swayne, in Bank
*v*. Turnbull, 83 U. S. 190, it is "merely auxiliary to the original
action, a graft upon it, and not an independent and separate litiga-
tion."    In that case it was held that a claim could not be removed
from a court of the State of Virginia into the Federal courts, under
the act of March 2, 1867, authorizing, under certain conditions, the
transfer of "suits" originating in the State courts.    In his opinion
the learned Justice, in discussing the character of a claim, said:
" The proceeding was necessarily instituted in the court where the
judgment was rendered and whence the execution issued.    No
other court, according to the statute, could have taken jurisdiction.
It was provided to enable the court to determine whether its process
had, as was claimed, been misapplied, and what right and justice
required, should be done touching the property in the hands of
its officer.    It was intended to enable the court, the plaintiff
in the original action, and the claimant to reach the final and
proper result by a process at once speedy, informal, and inexpen-
sive.    That it was only auxiliary and incidental to the original
suit is, we think, too clear to require discussion."    See also cases
cited in support of that decision.    In Flash *v*. Dillon, 22 Fed. 1,
a case involving a claim to property levied upon under an execu-
tion issued from a Texas State court, it was held "that this pro-
ceeding was not such a 'suit' as could be removed into the Federal
court unless the original suit had remained undetermined and was
also removed with it."    In *Hochstadter* v. *Harrison*, 71 *Ga*. 21, it
was held — two Justices presiding : " A claim to property levied on
under final process of a State court is not removable to the United
States court.    The claim is but an incident to the main proceeding,

and can not be detached from it." See also *Harrison* v. *Shorter*, 59 *Ga.* 512; *Besser* v. *Munford*, 63 *Ga.* 446.

Judgment affirmed. By five Justices.