2976, 3008.   TIMMONS *v.* MATHIS, and *vice versa.*

HILL, C. J.   1. While the superior court is, ordinarily speaking, a court of general jurisdiction, still, on certiorari and appeal from a justice's court, its jurisdiction is limited; and this limitation is, in the main, in accordance with the jurisdiction of the lower court.

2. In a claim case the only issue ordinarily presented is: Is the property subject? An exception to this general rule exists where, by reason of the filing of supplemental equitable pleadings, the case is converted from a simple claim case into an equitable or quasi-equitable proceeding. As a justice's court is without jurisdiction in equitable proceedings, the only issue that can arise in a claim case in a justice's court is: Is the property subject to the execution? Hence, on certiorari from a judgment or verdict in a justice's court in a claim case, the judge of the superior court has no jurisdiction to render against the claimant a judgment for the amount of the debt due by the defendant in fi. fa.; and where the judge, in addition to sustaining the certiorari, enters up final judgment against the claimant, for the amount due on the fi. fa., the judgment of the superior court is pro tanto void, and may be attacked by illegality.

3. The cross-bill of exceptions, which relates merely to the manner in which the record is brought to this court, does not present any matter for consideration by this court, and is dismissed.

*Judgment on main bill of exceptions reversed; cross-bill dismissed.*

DECIDED SEPTEMBER 23, 1911.

Affidavit of illegality; from Berrien superior court—Judge Merrill. August 20, 1910.

*Alexander & Gary,* for plaintiff in error.

*Hendricks & Christian,* contra.