8346. HARRELL, executor, *et al.* v. KELLEY, administrator, for use, etc.

LUKE, J. 1. Where a copy of a record from a court of ordinary is offered in evidence in another court, accompanied by the ordinary's certificate as to its correctness, and following the ordinary's name in the body of the certificate are the words, "Ordinary and ex-off. Clerk of the Court of Ordinary," and following the ordinary's signature at the end of the certificate the same descriptive words are repeated, the document is admissible in evidence, over the objection that "it does not affirmatively appear from the certificate of the ordinary that he had no clerk." Without undesirable prolixity, the certificate could not have been made clearer in this particular respect.

2. Where the judgment of a justice's court is relevant to the issue in the same or any other court, the original judgment appearing upon the magistrate's docket is admissible in evidence, over the objection that "a certified copy would be the highest and best evidence." While a certified transcript *may* be used to prove such judgment (Civil Code, (1910), §§ 5801, 5802), this privilege does not prohibit the introduction of the original. *Singer* v. *Atlantic Rice Mills Co.,* 126 Ga. 45 (3) (54 S. E. 821).

3. The plaintiff offered in evidence a certain judgment as the judgment of a justice's court in a claim case. It was "in favor of the plaintiff against the defendant for the sum of $————, principal, $————, interest," etc., all of the amounts being left blank. Upon the defend-

ant's objection to the judgment, the magistrate remarked that "in claim cases" it was not his practice to fill in such amounts. *Held,* that the magistrate's remark did not afford any sufficient ground for declaring a mistrial, even though it was made in the hearing of the jury impaneled to try the case in which such evidence was offered.

4. The proper judgment in a claim case is one finding that the property in controversy is subject, or that it is not subject, to the fi. fa., and awarding costs against the losing party. *Timmons* v. *Mathis,* 9 *Ga. App.* 713 (2) (72 S. E. 279); Civil Code (1910), § 4751. But where the judgment is improperly entered in the form indicated by the preceding paragraph, it is proper for the magistrate who rendered it to amend it, on motion, whenever at the same or at any subsequent term of his court the correctness of such form may be brought into question. Civil Code (1910), § 5697; *Bell* v. *Bowdoin,* 109 *Ga.* 209 (34 S. E. 339); *Nashville ·&c. Ry.* v. *Brown,* 3 *Ga. App.* 561 (3) (60 S. E. 319).

5. It is not error for a justice of the peace, during the trial of one case, to amend a judgment previously rendered by him in another case, where it is otherwise amendable and is in any way relevant to the issue in the case on trial, but if such a judgment is offered in evidence, and is objected to for some amendable defect appearing on the face thereof, it would be error for him to refuse to amend it upon proper motion therefor. Civil Code (1910), § 5697.

6. The judgment of a justice's court in a claim case "in favor of plaintiff and against the claimant," without reciting that the property is subject to the fi. fa., is not so defective as to be subject to the objection that it is "irrelevant and immaterial," if the same judgment in proper form would be relevant to the issue before the court or jury.

7. The judge of the superior court did not err in refusing to sanction the petition for certiorari.

*Judgment affirmed. Wade, C. J., and Jenkins, J., concur.*

DECIDED JANUARY 21, 1918.

.Petition for certiorari; from Miller superior court—Judge Worrill. December 8, 1916.

*W. I. Geer,* for plaintiff in error. *Billie B. Bush,* contra.