22890.   GRAY *v.* RILEY *et al.*

DECIDED AUGUST 16, 1933.

*C. W. Foy,* for plaintiff.   *Jule Felton,* for defendants.

JENKINS, P. J. 1. "A judgment of a court of competent jurisdiction can not be collaterally attacked in any other court for irregularity, but shall be taken and held a valid judgment until it is reversed or set aside." Civil Code (1910), § 5963. "A mere irregularity is amendable; under our law is cured by a judgment; and anything which, if objected to, could have been amended does not render the judgment void." *Chapman* v. *Taliaferro*, 1 *Ga. App.* 235 (58 S. E. 128). But "a judgment that is void may be attacked in any court, and by anybody. In all other cases judgments can not be impeached collaterally, but must be set aside by the court rendering them." Civil Code, § 5968. "The judgment of a court having no jurisdiction of the person and subject-matter, or void for any other cause, is a mere nullity, and may be so held in any court when it becomes material to the interest of the parties to consider it." Civil Code, § 5964; *Franklin County* v. *Crow*, 128 *Ga.* 458 (3), 463 (57 S. E. 784); *Milner* v. *Gatlin*, 139 *Ga.* 110, 113 (76 S. E. 860); *Towns* v. *Springer*, 9 *Ga.* 130.

2. "In a claim case the only issue ordinarily presented is: is the property subject?" *Timmons* v. *Mathis*, 9 *Ga. App.* 713 (2) (72 S. E. 279). The proper judgment for a plaintiff in fi. fa. in such a case is one finding that the property in controversy is subject to the fi. fa., and awarding costs against the losing party, rather than one "in favor of plaintiff and against the claimant," without reciting that the property is subject to the fi. fa. But such a form of judgment does not render it void, since it is an amendable defect. *Harrell* v. *Kelley*, 21 *Ga. App.* 525 (3-6) (94 S. E. 830). Consequently, in the instant suit by a plaintiff in execution against a claimant and his surety on a forthcoming bond, such an irregularity in the judgment on the claim was not a good defense, and could not authorize the direction of a verdict for the defendants.

3. However, where, as in this case, an execution is issued in a justice's court, and, on account of the presence of property in a different justice's court district, is sent to a justice's court of the county where the property is to be found, for backing and levy, as provided by the Civil Code, § 4760, and a claim is interposed and bond given under sections 4750 and 4751, applicable to claims in justices' courts, and sections 5157 et seq., and 5167, applicable to claims and forthcoming bonds, section 4751 requires that "the constable shall postpone the sale of the property, and return the papers

to the justice of the peace or notary public who issued the execution; and it shall be the duty of such justice or notary public to cause an issue to be made up, and try the right of property according to law, at the next regular term of the justice court held by said justice of the peace or notary public, occurring after 10 days from the filing of said claim." The justice of the peace or notary public who merely backs the execution in order to sell the property in his county has no authority or jurisdiction to try and determine such a claim issue. See *Dickson* v. *Burwell,* 113 *Ga.* 93 (2), 94, 96 (38 S. E. 319) ; *Denton* v. *Hannah, 12 Ga. App.* 494 (10) (77 S. E. 672). This rule of law is based on the principle that "a claim case is not an independent, original action, but a mere incident to the main case, to enable the court to direct and control its own process. . . The proceeding" is "necessarily instituted in the court where the judgment was rendered and whence the execution issued. No other court, according to the statute, could" take "jurisdiction." *Everett* v. *Brown,* 117 *Ga.* 342, 344 (43 S. E. 735). Accordingly, the justice of the peace backing the execution having no jurisdiction of the subject-matter of the claim, his judgment against the claimant was a nullity. See also, in this connection, *Brannan* v. *Cheek,* 103 *Ga.* 353, 354 (29 S. E. 937). His judgment being void on account of the court's lack of jurisdiction of the subject-matter, the claimant's special plea and objections to the jurisdiction could not constitute a waiver of or submission to such jurisdiction; and the fact that such special plea and objections were overruled, that a void judgment on the claim was rendered, and that such judgment against the claimant remained unreversed, would not prevent the claimant and the surety on his forthcoming bond from showing, in a suit on the bond, that the judgment itself, which formed the basis of the suit, was absolutely void. For this reason, the superior court judge did not err in directing a verdict for the defendants, and in overruling the plaintiff's motion for a new trial based on the general grounds.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*