No. 55.—THE BANK OF CHARLESTON, plaintiff in error, *vs.* MARY MOORE, executrix, and others, defendants.

[1.] After final judgment has been rendered against the original party, it is competent for the plaintiff, by *scire facias*, to charge the estate of the security on appeal, with the amount thereof.

[2.] The Act of 1826, authorizing judgment to be entered up against the principal and security on appeal, jointly or severally, is only cumulative; and the party may still proceed to enforce the judgment against the security, by writ of *scire facias*, or action of debt on the appeal bond, as at Common Law.

*Scire facias*, in Bibb Superior Court, before Judge FLOYD, January Term, 1849.

The Bank of Charleston instituted an action of assumpsit against Joshua G. Moore, as indorser upon a promissory note, returnable to August Term, 1840, of Bibb Superior Court. At August Term, 1841, a verdict was rendered against Joshua G. Moore ; from which verdict he appealed, and gave, as his security on the appeal, one George W. Moore. Before trial on the appeal, both Joshua G. and George W. Moore, died. Mary Moore became the administratrix of Joshua G. Moore, and was, at the November Term of the Court, 1845, made a party to the suit. At the May Term, 1847, of the Court, a verdict was rendered against Mary Moore, as administratrix of Joshua G. Moore, and a judgment was entered up on the verdict against Mary Moore, as administratix of Joshua G. Moore, and against Mary Moore and Henry E. Moore, as executrix and executor of George W. Moore. At July Term, 1848, of the Court, an order was taken to vacate the judgment as to the executor and executrix of George W. Moore, and which was accordingly done, and the death of George W. Moore suggested to the Court, with the view to the issuing of *scire facias*, to make his representatives parties, so that judgment might be rendered against them. The *scire facias* was duly issued and served, and at January Term, 1849, of the Court, counsel for plaintiff in error, (who was also plaintiff in the Court below,) moved to make the defendants in error, as the executrix and executor of George W. Moore, parties to the suit, with the view of entering up judgment against them, on the verdict rendered against Mary Moore, as administratrix of Joshua

Bank of Charleston *vs.* Moore and others.

G. Moore, at the May Term, 1847, of the Court. Which motion was overruled by the Court below, and the counsel for plaintiff in error excepted, and has assigned errors thereon.

GRESHAM & HARDEMAN, for plaintiff in error.

POWERS & WHITTLE and POE & NISBET, for defendants.

*By the Court.*—LUMPKIN, J. delivering the opinion.

The plaintiff having entered up judgment against the estate of Joshua G. Moore, the defendant, without making the representatives of George W. Moore, the security on appeal, a party, could the plaintiff afterwards, upon *scire facias*, charge the estate of George W. Moore with the judgment?

[1.] The Court below decided that this could not be done, for the ' reason that there was no case pending in Court upon which this proceeding could be predicated. Is not this equally true in every instance, where it is sought to make the bail liable, upon a return of *non est inventus* to the *capias* against the principal? A *scire facias* is usually founded on some matter of record, unless it be to repeal a charter or such like purposes. If it be to enforce a recognizance, it is an original proceeding, but if sued out upon a judgment, as in the present case, it is only a continuation of the former suit. 1 *Durnf. & East*, 388.

What is the undertaking of the security on appeal? It is not *primary*, but *ultimate*, that he will pay the eventual condemnation money ; that is, whatever shall be recovered against his principal. It would seem, therefore, that the liability of the security did not accrue until after final judgment against the original party, and that *scire facias* or suit on the appeal bond would be the proper remedy.

[2.] It is true, that the Act of 1826, allows the plaintiff to enter up judgment against the principal and security on appeal, jointly or severally. *Hotchkiss*, 602. But this is *cumulative* and permissive only, not imperative. He may do it, or else, if he see fit, pursue his Common Law redress, by writ of *scire facias*, or action of debt on the bond. Could judgment go, under this Statute, against the representatives of a deceased security within twelve months from the date of their qualification? We think

not.   The creditor would have to wait, then, the expiration of this period, or proceed to judgment separately against the original party, and upon his default, in due time resort, as he has here done, and we think properly, against the estate of the security.

The security on appeal is never treated or considered as a co-ordinate party during the progress of the suit.   He is not known to the record as such.   He is never notified of amendments made to the pleadings, or the filing of interrogatories.   His death does not suspend the suit—better for him that it should not.   When called upon to answer, he can plead to the writ, and show any irregularity in the record, or that the judgment was fraudulently and collusively obtained, or that it has been satisfied or released, or any other matter that the law judges sufficient for his discharge.

Judgment reversed.