issue other than in certain localities; and that the price of each license should be $500 per annum, payable in advance, the term to end February 1, 1892.

C. P. CRAWFORD and D. B. SANDFORD, for plaintiff.

ROBERTS & POTTLE and WHITFIELD & ALLEN, for defendants.

---

RYALS v. McARTHUR, survivor.

A judgment rendered by a justice of the peace at the regular time and place of holding his court, but which was written out and signed at some other time and place in the district, is not void. The word "rendered," as used in section 462 of the code, refers to the making up and announcement of the judgment, and not to the clerical act of reducing it to writing. As was stated in *Bowden* v. *Taylor*, 81 *Ga.* 199, however, "the better and proper practice is for the justice not only to render, but to write out his judgment at the court-ground before he adjourns his court." *Judgment affirmed.*

April 3, 1893. Argued at the last term.

*Scire fa cias.* Before Judge ROBERTS. Telfair superior court. October term, 1891.

A judgment for $44.06 principal, interest from July 28th, 1880, and $2.45 costs, was rendered by D. H. Wootten, justice of the peace for the 337th district G. M., on August 8th, 1881, at the regular time and place of holding his court, in favor of McArthur & Griffin against Ryals; but the judgment was not written out and signed then and there, but at some other place and time in the district, after the adjournment of the court at which the judgment was rendered. Execution issued from the judgment on August 18th, 1881, on the back of which was written a constable's entry, viz: "No property to be found, this 29th day of August, 1881." *Scire facias* to revive the judgment was sued out in the justice's court on May 28th, 1891, by McArthur, surviving partner of McArthur & Griffin. The case was trans-

ferred to the superior court by consent appeal, and was submitted to the judge without a jury. He ordered that the judgment be revived, and Ryals excepted.

D. C. McLENNAN, for plaintiff in error.

J. E. WOOTEN, *contra*.

---

JORDAN, next friend, *v.* TARVER.

1. The superior court may, *ex mero motu*, set aside an improper *ex parte* order establishing a copy of a judgment alleged to have been rendered at a previous term. As orders and judgments are in the breast of the court, during the term at which they are made or rendered, for the purpose of modifying or vacating them, the whole term may be considered as one day. The presence of the attorney on whose motion an order which the court thinks ought to be vacated was granted, will dispense with any notice to the party for whom the order was obtained, of the court's intention or purpose to vacate it.

(*a*) The attorney who represents a party in obtaining an improper order is competent, without any fresh authority from his client, to represent him when, at the same term, the court proceeds to set it aside.

2. In order to establish a copy of a judgment alleged to have been rendered at a previous term of the court, it may be proper that notice should be given to the opposite party, or parties, in interest; and consequently, if the judge has granted an *ex parte* order establishing such copy, and becomes satisfied that he has granted it improperly, he may revoke it at the same term on his own motion.

3. The superior court cannot, of its own motion and without notice to the parties concerned, set aside a verdict rendered by a jury at a previous term and the proceedings on which the same was founded. Notice to an attorney of record in a motion to establish a copy of the judgment alleged to have been entered up on a verdict is not notice to the client for the purpose of setting aside the verdict, another attorney, and not this one, being the attorney of record in the proceeding to obtain the verdict.

*Judgment reversed in part, and affirmed in part.*

April 3, 1893. Argued at the last term.

Motion to vacate. Before Judge ROBERTS. Twiggs superior court. October term, 1891.