## HARGROVE v. TURNER, next friend.

1. After hearing argument and evidence in a claim case, the fact that the justice of the peace made a verbal announcement that the property was subject, and directed the plaintiff's counsel to draw up a judgment accordingly, did not invalidate a judgment rendered by him finding the property not subject, when it appears that he did not sign any judgment in accordance with his first announcement, but on the contrary stated in the presence of counsel, during the session of his court on the same day, that upon further reflection he had decided he was mistaken, and would therefore render a judgment for the claimant.

2. A judgment finding the property not subject is not void because not signed until the day after the trial ; it appearing the court was prevented

from entering the same earlier, in consequence of being engaged on the first day in the trial of cases, and it not appearing that the court was not regularly in session on the second day.

3. This court can not consider any grounds of error in a petition for certiorari not verified by the answer of the magistrate whose rulings and decisions were complained of.

4. Where a petition for certiorari raises only pure questions of law, touching the validity of a judgment rendered by a justice of the peace, and makes no complaint whatever that such judgment is contrary to the evidence, this court, in reviewing the judgment of the superior court overruling the petition for certiorari, will not consider any question touching the sufficiency of the evidence to support the magistrate's finding.

5. There being in this case no disputed issue of fact, and the questions as to the correctness of the judgment rendered in the magistrate's court being purely legal ones, certiorari was a proper remedy.

Submitted June 16, — Decided July 28, 1899.

Certiorari.    Before Judge Henry.    Floyd superior court. December 13, 1898.

*J. B. F. Lumpkin*, for plaintiff.   *M. B. Eubanks*, for defendant.

LEWIS, J. An attachment was issued in favor of M. L. Hargrove against J. D. Turner, and levied upon certain property to which J. D. Turner, as next friend of Eugene Turner, filed a claim. The claim case was tried in the justice's court, and a judgment entered up therein finding the property not subject. Whereupon plaintiff brought his petition for certiorari to the superior court of Floyd county, and among other things alleged that, after the argument of counsel in the justice's court, the judge announced that the property was subject, and notified counsel for plaintiff to write out a judgment. Counsel accordingly did so, and handed the same to the justice. After this the court called for counsel for both sides, and remarked that he "had been thinking over the case and had decided that he had committed an error, and he thought he had better change his judgment, and find the property not subject." Counsel for plaintiff replied "that he had already rendered his judgment, and the same had been reduced to writing at the court's request, was before him to be signed, had been there some time; that his client had left the court-room; and a justice of the peace could not correct his own errors." After the court first announced his judgment, counsel for claimant had made out and

prepared his appeal. The answer of the justice, in so far as the same is material to the issues involved in this case, is as follows: "Before I signed the judgment prepared by plaintiff's counsel, I stated to counsel on both sides that I believed I had made a mistake in announcing that I believed the property was subject, and that after further studying the evidence I had come to the conclusion that the property was not subject, and wrote out and signed a judgment in accordance with this view. The judgment was signed up on the 10th day of March, 1898, for the reason that the court was engaged during the whole of the 9th day of said month in the trial of other cases, and did not have time to write out and sign the judgment in this case, but I distinctly stated, in the presence of counsel for both parties, that I would sign up a judgment finding the property not subject, and as soon as I had signed up the judgment I notified plaintiff's counsel of this fact. Respondent knows nothing of the appeal having been written out by claimant before the judgment was signed up. This may be true." Upon hearing the certiorari the judge of the superior court overruled the same, and to this judgment plaintiff in error excepts.

1. A mere verbal announcement by a justice of the peace after the trial of a cause, as to what conclusions he has reached, does not in law constitute a judgment. Such an announcement is certainly not a judgment upon which an execution can issue, or which can be enforced in any way known to the law, save by its being properly reduced to writing, and signed by the magistrate. In the case of *Bowden* v. *Taylor*, 81 *Ga.* 199, it is declared that "It is the proper practice for a justice of the peace not only to render, but to write out his judgment at the court-ground, before he adjourns his court." In this case, after hearing evidence and argument, it seems that the justice simply orally announced his conclusions, and directed the plaintiff to write out a judgment accordingly. This was done without reflection or meditation. Upon further reflection on the testimony on the same day, and in open court, to counsel on both sides, without signing the judgment written by plaintiff, he announced that he had made a mistake, and upon further considering the evidence he decided that the property was not sub-

ject, and that he would enter his judgment accordingly. There is no law to prevent a justice of the peace from having due time to reflect upon and consider the issues involved in the case before deciding it. The fact that he does in open court give audible expression of his first views and impressions about the case can not prevent him from changing those views at any time before his conclusion is made the final judgment of his court. It is true a justice of the peace can not review his own judgment, or set it aside for error or mistake; but his final action in this case was not setting aside or reviewing any judgment; for no judgment had been signed and entered up in manner as required by law. It would be a strange rule of law to say that when a judge of any court has made a mere verbal announcement as to what disposition he intends to make of any cause, he would not have the right to change his mind, on account of a mistake in his conclusions, at any time before the execution of his original purpose, there being no fraud or unfairness to either party resulting from such change of decision.

2. It is further insisted, however, that the judgment actually entered is void because not entered until the next day. The magistrate gives a sufficient explanation of this delay in signing his judgment. It does not appear that his court did not continue in session on the following day; but even if it did, this court has decided in the case of *Ryals* v. *McArthur*, 92 *Ga.* 378, that "A judgment rendered by a justice of the peace at the regular time and place of holding his court, but which was written out and signed at some other time and place in the district, is not void."

3. Another ground of error alleged in the petition for certiorari complains that the justice erred in proceeding with the trial of the claim case without entering up judgment on the attachment and without calling the same. The answer of the magistrate states that he remembers nothing being said about the attachment case being tried before the claim case. Even if there was any error set forth in the petition on this point, in the light of the answer, of course, it can not be considered by a reviewing court.

4. Counsel for plaintiff in error contended in his brief that

the judgment of the justice finding the property not subject was contrary to the evidence, and that for this reason the court should have sustained his petition for certiorari. While the petition contains a brief statement of the testimony introduced on the trial before the justice and he verifies the same in his answer, yet the petition nowhere complains that the judgment was contrary to the evidence. On the contrary, it simply raises pure questions of law, which we have just considered. It would seem that the evident purpose of the pleader was simply to have determined the questions of law in his case, and to waive any issue of fact in the case. At least, such is the legal effect of the petition. This was, perhaps, advisedly done in order to have the case finally determined by certiorari without appeal. It is true, where there is no conflict in the testimony, the question as to whether it is sufficient to support the verdict or judgment is one of law, but this legal question is not presented by the record for adjudication, and; therefore, can not be considered.

5. The above views sufficiently answer also the contention of counsel for defendant in error, that appeal, and not certiorari, was the plaintiff's remedy. The questions of fact, if any, were waived, and the questions as the correctness of the judgment rendered by the magistrate were purely legal ones, and certiorari was, therefore, a proper remedy. *Toole* v. *Edmondson*, 104 *Ga.* 776.          *Judgment affirmed. All the Justices concurring.*