4215.   CONSTITUTION PUBLISHING COMPANY *v.* DEAN.

"A judgment rendered by a justice of the peace at the regular time and place of holding his court, but which was written out and signed at some other time and place in the district, is not void. The word 'rendered,' as used in section 462 of the code [Civil Code (1910), § 578], refers to the making up and announcement of the judgment, and not to the clerical act of reducing it to writing."

DECIDED JULY 23, 1912.

Certiorari; from Fulton superior court—Judge Bell. March 22, 1912.

*Dorsey, Brewster, Howell & Heyman, John K. MacDonald Jr.,* for plaintiff in error.

*C. G. Battle, A. C. Corbett,* contra.

POTTLE, J.  For convenience and in order to expedite business, the magistrate in the 1026th district of Fulton county pursues a practice which may best be described by quoting from his answer, as follows: "That his regular and established court day is the fourth Monday in each month; that he has at every term of court numerous cases on his docket, so that it is impossible to dispose of all of them in one day; so that on said court day he calls the cases from the docket and renders judgment where the suit is on an unconditional contract in writing and no defense by plea or appearance is made, or where the suit is on account, with personal service on the defendant, and no plea is filed or appearance made.  All other cases are assigned for trial on a given day and hour.  In order to do this he has a calendar, and in this calendar each case is entered for the day and hour to which it is assigned for trial on the call.  Cases are assigned for each successive week-day for some two or three weeks, as the number of cases require.  In this way the continuity of the term is kept up.  There is no intermission of a day from the call day to the day at which the last case is assigned for trial, except Sundays.  The foregoing was followed at November term, 1911.  As the cases are reached on the calendar he hears them and orally announces the judgment he renders, and makes a notation of it on the calendar.  In the case of a judgment for the full sum sued for in favor of the plaintiff, the entry on the calendar is the single word, 'judgment,' entered after or below the name of the case.  In case the judgment is against the garnishee for failure to answer the summons of garnishment, the words written on the calendar are 'judgment by default.'"

Summons of garnishment was served on the Constitution Publishing Company, returnable to the November term, 1911, of the justice's court.  The garnishee, having mistaken the date for December, failed to answer.  When the November term of the court arrived the case against the main defendant and also against the garnishee was set down for December 9, 1911.  On that day the justice first called the case against the principal defendant from the calendar upon which the case had been entered, and orally an-

nounced judgment in favor of the plaintiff, making a notation of the judgment on the calendar. He then called the case against the garnishee, and, no answer having been filed, entered a judgment in favor of the plaintiff by default, after announcing it, and made a notation of this judgment on the calendar. On December 11 the magistrate entered both judgments upon the docket. On December 12 the garnishee tendered to the justice an answer and asked that the answer be filed and the garnishment case be set down for trial. The justice declined to permit the answer to be filed and declined to reopen the case, and this is complained of in the petition for certiorari, which was overruled by the judge of the superior court. The contention of the garnishee is that the judgment entered against it on December 11 was void, for the reason that the justice had no authority to orally announce his judgment, noting the same on the calendar, and then enter the judgment at a later date on his docket; 'that, no legal judgment having been entered against the garnishee on December 8, the case stood over for trial at the next term of the court, since in the justice's court all continuances must be for the term, and that when the answer of the garnishee was tendered on December 12 there had never been a valid judgment against the principal defendant or against the garnishee. This point is settled adversely to the contention of the garnishee by the decision of the Supreme Court in the case of *Ryals* v. *McArthur,* 92 *Ga.* 378 (17 S. E. 350) : "A judgment rendered by a justice of the peace at the regular time and place of holding his court, but which was written out and signed at some other time and place in the district, is not void. The word 'rendered,' as used in section 462 of the code [Civil Code (1910), § 578], refers to the making up and announcement of the judgment, and not to the clerical act of reducing it to writing." That decision was cited approvingly in *Scott* v. *Bedell,* 108 *Ga.* 205, 209 (33 S. E. 903), and again in *Hargrove* v. *Turner,* 108 *Ga.* 580, 583 (34 S. E. 1). See, also, *Brown* v. *Bonds,* 125 *Ga.* 833 (54 S. E. 933). It is true that this court in *N., C. & St. L. Ry.* v. *Brown,* 3 *Ga. App.* 561 (60 S. E. 319), questioned the soundness of the decision in the *Ryals* case, supra, but that decision is alike binding upon this court and the Supreme Court, until reviewed and overruled in the manner prescribed by law. In our opinion it absolutely settles the question involved in the present case.

There is no merit in the contention that the garnishee should have been allowed to file the answer because it mistook the term to which the summons was made returnable. The original summons is not before us so that we can ascertain whether the summons is legible or not; and if the garnishee was in doubt as to the term to which it was required to make answer, it should have applied to the court for information.    *Judgment affirmed.*