### 5221. DUKE v. THE STATE.

RUSSELL, J. 1. It not appearing that the original records had been lost or destroyed or were otherwise inaccessible, it was error to permit parol proof of the contents of the defendant's plea in a civil case, and likewise error to permit a witness to state the judgment rendered in the proceedings. A plea of minority on the part of a defendant must necessarily

have been in writing, and the announcement of a justice of the peace, in open court, that he will render judgment in a particular way is brutum fulmen until the judgment is actually entered upon the docket. *Nashville, Chattanooga & St. Louis Ry.* v. *Brown,* 3 *Ga. App.* 561 (1 *b*) (60 S. E. 319).

2. Objections to the form of a criminal accusation can not be considered upon assignments of error presented as grounds of a motion for a new trial. *Mayor &c. of Dublin* v. *Dudley,* 2 *Ga. App.* 763 (59 S. E. 84).

*Judgment reversed.*

DECIDED OCTOBER 29, 1913.

Accusation of cheating and swindling; from city court of Jackson—Judge Fletcher. September 3, 1913.

*J. T. Moore,* for plaintiff in error.

*C. L. Redman, solicitor,* contra.