BETTIE *v.* DANIEL BROTHERS COMPANY *et al.*

350

No. 8824.   AUGUST 11, 1932.

the letter to the attorney the magistrate was not acting in a judicial

George L. Bell Jr., and Hewilt W. Chambers, for plaintiff.

White, Poole, Pearce & Gershon, for defendants.

BELL, J. (After stating the foregoing facts.) This was a suit by Louie Bettie for equitable relief against a "purported judgment" which appeared to have been rendered by a justice of the peace in favor of Daniel Brothers Company and against Bettie. It is disclosed by the petition that Bettie filed an answer to the suit in the justice's court, and that his attorney was advised by the magistrate by letter that the filing of this answer operated to continue the case to the second term. The suit was returnable to the August term, 1931, and Bettie's attorney was thus led to believe that the case would not be tried until the September term. It is clear that in writing the letter to the attorney the magistrate was not acting in a judicial capacity; and it is also true as a matter of law that the filing of the answer did not operate to continue the case to the second term. The case was in order for trial at the time and place designated in the summons, unless continued upon a sufficient legal showing. Civil Code (1910), §§ 4733-4736; Williams v. Fain, 2 Ga. App. 136 (58 S. E. 307). "A magistrate when not presiding in court does not act judicially in answering questions put by parties as to whether or not a case will be tried at the term to which the same is returnable, or will be continued to a subsequent term; and a party shaping his conduct by such answer must take the risk of the opposite party objecting to a postponement of the case and insisting upon a trial of the same at the time fixed by law." Dorsey v. Griffin, 173 Ga. 802 (161 S. E. 601). Under this ruling the plain-

tiff in the present case was not entitled to equitable relief by reason of the statement from the magistrate that the case was continued to the September term. Nor does it appear that the case was in fact continued, since the necessary inference is that the entry of continuance was improvidently made and was not binding upon the court or either party. This is true irrespective of any presumption which might ordinarily arise as to the force and effect of an entry of continuance, and regardless of the power of the magistrate to strike or alter such an entry.

■ Does the petition show that no judgment was in fact entered at the August term? The petition alleged that when the plaintiff and his attorney appeared at the justice's court on September 23, at the regular September term, the attorney "examined the original papers pending in said court in said case and found that no judgment had been rendered in said case." The fact that no judgment was disclosed by an examination of the original papers did not show that a judgment had not been rendered and entered upon the docket required by law to be kept by the magistrate. In a justice's court resort must be had to the docket entries, and to them alone, in order to determine in a given case whether or not there was a valid judgment. *McCandless* v. *Inland Acid Co.*, 112 *Ga.* 291, 298 (37 S. E. 419); *Nashville, Chattanooga & St. Louis Railway* v. *Brown*, 3 *Ga. App.* 561 (2 *a*) (60 S. E. 319). The further allegation by the plaintiff that "there was no judgment of record against him in said case on that date" was a mere conclusion of the pleader, and was disputed by the docket entries which were shown as an exhibit to the petition, and from which it appeared that a judgment was in fact in existence on the date in question. The entry of the judgment upon the docket was not required to be signed by the magistrate in order for the judgment to be valid. *Gunn* v. *Tackett*, 67 *Ga.* 725 (2); *Scott* v. *Bedell*, 108 *Ga.* 205, 209 (33 S. E. 903). It follows that the averments to the effect that sometime between September 23 and September 29, 1931, the attorneys for Daniel Brothers Company formed a conspiracy with the justice of the peace, and by collusion, connivance, and deceit "caused him to stamp his name to an alleged judgment against your petitioner," do not show that the judgment itself was procured by fraud or collusion or was in any manner affected by a conspiracy. These allegations complain only that the magistrate was induced "to stamp his name to

an alleged judgment," and do not otherwise challenge what appears upon the docket as a valid entry of judgment, as to which the signature of the magistrate was unnecessary.

We have just stated that the plaintiff does not attack the authenticity or correctness of the entry of judgment which appeared upon the docket, except for the failure of the magistrate to attach his signature at the time of making this entry. In reaching this conclusion we have not overlooked the further allegations that Daniel Brothers Company and its counsel "caused said defendant J. C. McKenzie to cross out certain portions of the record in said case pending in said court, to alter same, and to stamp his name to the alleged judgment which had been prepared by Daniel Brothers Company's counsel on the 26th day of August, 1931, but which had not been signed by the court, defendant J. C. McKenzie, until the last few days." Upon a consideration of the petition as a whole it is evident that the reference to a judgment "prepared" by counsel for Daniel Brothers Company was not intended to imply that the docket entries were made by the attorney instead of the justice of the peace, and the language here must have related to the form of judgment which appeared to have been written upon the original papers in the case. This is true for the reason that the petition sets forth in full two forms of judgment, one of which appears upon the docket of the magistrate, and the other upon the pleadings in the suit. It is not charged that both of these forms were prepared by counsel; and since it is stated in effect that only one of them was so prepared, it would seem to be the more reasonable construction to say that the allegation upon this point was in reference to the form of the judgment which appeared upon the pleadings. We do not decide whether counsel could or could not have made entries upon the docket of the magistrate; but we do think that if counsel prepared only one of the two forms of judgment disclosed by the petition and if there is uncertainty as to which of these forms was so prepared, it should be inferred as the more natural and probable occurrence that the attorney had prepared the form which appeared upon the papers, and not that he had made the entries upon the docket. Especially is this true in view of the rule that if the allegations of a pleading are ambiguous and open to construction, they should be construed most strongly against the pleader. Since the docket alone must be looked to in order to ascertain the existence of a valid judg-

ment, the allegations as to what occurred with reference to the form of judgment written upon the pleadings were beside the mark and did not help the plaintiff's cause. Accordingly, the petition shows upon its face that a valid judgment as disclosed by the docket was in existence against the plaintiff when he and his attorney appeared at the justice's court at the September term. All allegations in reference to fraud or improper conduct are in relation to subsequent occurrences none of which could have had any effect upon the validity of the judgment. The petition failed to show any cause for interference with this judgment or with any of the proceedings based thereon, and the trial judge properly sustained the general demurrer and dismissed the petition.

*Judgment affirmed. All the Justices concur, except Russell, C. J., who dissents.*