## 23962. BRYANT *v.* CONNELL *et al.*

JENKINS, P. J.  The municipal court of Augusta did not err in dismissing the affidavit of illegality filed by the defendant to the levy of an execution issued by that court upon its judgment rendered in May, 1933, and the superior court properly overruled the certiorari therefrom, since it appears from the stipulation of counsel that the action was filed upon an unconditional contract in writing and process issued in the justice's court for the 600th district G. M. of Richmond county in November, 1932, returnable to the December term, 1932, of that court, in which the defendant entered her appearance on the return day; that under legislative act the cause was transferred by operation of law on January 1, 1933, to the municipal court; that, although the justice's court was "sitting and being held" during the pendency of the case outside of its own district and in the 120th district G. M., it is not shown in the record that the original process was made returnable to a place not situated as required by law; that no judgment of default or otherwise. was made by the justice's court, but the only judgment was that of the municipal court; and that, as the judge of the municipal court certified without exceptions thereto, "the said defendant was duly notified of each and every assignment of said case, and the court, both as to the justice of the peace and as judge of the municipal court, has given this defendant every opportunity to protect her interests in said case, which she has failed and refused to do." The summons, although issued in another district, was in no event void, if it were made returnable to a place of holding court situated as required by law. Durfree *v.* Grinnell, 69 Ill. 371; Davis *v.* Sanderlin, 119 N. C. 84 (25 S. E. 815) ; 35 C. J. 571, § 151. No judgment being rendered by the justice's court, the jurisdiction of the municipal court to try the case after its transfer by law not being attacked, and its judgment not being shown to be void for any reason, the defendant, having had her day in court, could not go back of the judgment and attack by affidavit of illegality the prior justice's court proceedings, merely upon the ground that such court, during the pendency of the case there, was not sitting at a place required by law. See Civil Code (1910), § 5311; *Green* v. *Alexander,* 88 *Ga.* 161 (13 S. E. 946) ; *Ryals* v. *McArthur,* 92 *Ga.* 378 (17 S. E. 350) ; *Scott* v. *Bedell,* 108 *Ga.* 205, 209 (33 S. E. 903) ; *Hargrove* v. *Turner,* 108 *Ga.* 580, 583 (34 S. E. 1) ; *Bowden* v. *Taylor,* 81 *Ga.* 199 (6), 204 (6 S. E. 277) ; *Reynolds* v. *Neal,* 91 *Ga.* 609 (2), 614 (18 S. E. 530) ; *Constitution Publishing Co.* v. *Dean,* 11 *Ga. App.* 361, 363 (75 S. E. 335) ; 35 C. J. 556, § 134.       *Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED JANUARY 7, 1935.

*Curry & Curry,* for plaintiff in error.
*C. W. Killebrew, Issac S. Peebles Jr.,* contra.